### KV PHARMACEUTICAL COMPANY et al.

v.

### MEDECOR PHARMA, L.L.C.

No. CIV.A. 03–3054.

United States District Court, E.D. Louisiana.

Dec. 2, 2003.

Sherman Gene Fendler, George Denegre, Jr., Shaun G. Clarke, Mark A. Johnson, Liskow & Lewis, New Orleans, LA, for KV Pharmaceutical Company, Ther–Rx Corporation, Drugtech Corporation, plaintiffs.

Walton Joseph Barnes, II, Betty Ann Cox, Barnes and Greenfield, APLC, Baton Rouge, LA, for Medecor Pharma LLC, defendant.

### ORDER AND REASONS

LEMMON, District Judge.

**IT IS HEREBY ORDERED** that the motion for a preliminary injunction of KV Pharmaceutical Company, Ther–RX Corporation and Drug Tech Corporation is **DENIED.** (Document # 1.)

### I. BACKGROUND

KV Pharmaceutical Company (KV) and its wholly-owned subsidiaries, Ther–RX Corporation (Ther–RX) and Drug Tech Corporation (Drug Tech), filed a "Complaint for Temporary Restraining Order, Injunction and Damages" against Medecor

Pharma, L.L.C. (Medecor) alleging breach of contract and trade dress infringement.

Drug Tech is the owner of the trademark "PrimaCare" and KV and Ther–RX are licensees to that intellectual property. The plaintiffs market a line of prescription-vitamin products across the United States under the "Precare" trademark. This case involves the prenatal vitamins in the "PreCare Family" line of vitamins, which are packaged in a yellow, blue, and pink box bearing a photo of a woman and a baby.

Medecor markets and sells a prescription prenatal vitamin known as "TriCare." The plaintiffs allege that TriCare's packaging "mimics" KV's packaging in size, shape, color, terminology, and overall appearance and that the choice of packaging is a deliberate attempt to cause confusion and to appropriate the goodwill of KV's PreCare products.[1] KV views Medecor's product as inferior because it does not have the proprietary formulation of the KV product and believes that Medecor's product would "dirty" its product and cause KV to lose market share to other competitors.

In February 2003, KV formally notified Medecor to cease and desist its infringement of KV's trademark and trade dress. The parties reached an agreement on July 10, 2003, in which Medecor admitted violating KV's trade dress and agreed to modify its labeling and packaging. KV paid Medecor $14,000 to compensate it for costs of revising its packaging. Under the agreement, KV is entitled to injunctive relief, attorney's fees, costs, and the return of the $14,000 if Medecor violates the terms and conditions of the agreement.

The court denied the plaintiffs' motion for a temporary restraining order and held a hearing on the motion for a preliminary injunction on November 6, 2003.

## II. DISCUSSION

### A. Standard for preliminary injunction

■■■ "[F]ederal courts are required to apply the federal rules of civil procedure to the exclusion of any contrary state procedure as long as the rule is both constitutional and within the scope of the rules' enabling act." *Ferrero v. Assoc. Materials Inc.*, 923 F.2d 1441, 1448 (11th Cir.1991) (citing *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 1143–44, 14 L.Ed.2d 8 (1965)). Rule 65 of the Federal Rules of Civil Procedure meets the *Hanna* criteria and applies to determine whether to issue a preliminary injunction. *Id.*

■■■ "A preliminary injunction is an extraordinary remedy." *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir.1991). Federal law allows a preliminary injunction when the moving party establishes four factors:

(1) a substantial likelihood of success on the merits,

(2) a substantial threat that failure to grant the injunction will result in irreparable injury,

(3) the threatened injury outweighs any damage that the injunction may cause the opposing party, and

(4) the injunction will not disserve the public interest.

*Id.* The party seeking injunction must clearly carry the burden of persuasion on all four requirements. *See Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir.2003). The grant of a

---

**1.** The allegations concern Medecor's original packaging. Medecor has commissioned the design of a new package for its prenatal vita-

mins, which the plaintiffs contend violates the agreement and infringes their trade dress.

preliminary injunction is treated as the exception rather than the rule. *Id.* at 364.

## B. Breach of contract

The plaintiffs argue that the court may issue a preliminary injunction without a showing of irreparable harm because the clear language of the agreement obligates the defendant to cease distributing its infringing product and entitles them to a preliminary injunction.

 Under Louisiana law, proof of irreparable injury is not required to obtain a preliminary injunction when there is proof of an obligor's failure to perform. La. Civ.Code art.1987; La.Rev.Stat. 23:921G; *Louisiana Gaming Corp. v. Jerry's Package Store, Inc.*, 629 So.2d 479, 482 (La.Ct.App.1993) ("Irreparable injury is not an essential condition for the grant of an injunction restraining the breach of an obligation not to do."). However, Rule 65 is a procedural rule and applies to determine whether preliminary injunctive relief is appropriate in a diversity case. *See Ferrero*, 923 F.2d at 1448. Because the plaintiffs are proceeding under Rule 65, there is no authority to relieve them of the requirement to establish irreparable harm to obtain a preliminary injunction.

KV did not present any data for sales and distribution of PreCare in Louisiana or Mississippi to establish irreparable harm. Nor did KV present any data to support the allegations that the distribution of TriCare would "dirty" KV's line; cause confusion among physicians, patients, and other health care providers; and cause general confusion that would erode KV's good will. Tr. p. 52.

Brad Sanders, a principal of Medecor, testified at the hearing concerning the manner of marketing and distributing TriCare. A sales representatives visits the doctor to talk about using the product, leaves packaged samples with the doctor's approval, and provides a pre-printed prescription pad for the doctor's convenience. The doctor decides which prenatal vitamin is appropriate for each patient and writes a prescription to be filled at a pharmacy. The doctor may give a packaged sample to the patient; however, the packaged product is not available in pharmacies and is distributed in a bottle as a prescription drug.

There is no showing that any of the doctors who choose among the packaged products did not know the difference between the prenatal vitamins and the source of their distribution. Moreover, in view of the limited distribution of TriCare to the doctors, the calculation of a dollar value, if irreparable harm is ultimately shown, would not be extremely difficult or speculative. *See Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 810 n. 1 (5th Cir.1989). Accordingly, the plaintiffs have not carried their burden of persuasion on the requirement that a failure to grant the preliminary injunction will result in irreparable injury.[2]

## C. Trade dress

Alternatively, the plaintiffs assert that they are entitled to injunctive relief based on trade dress infringement under section 43(a) of the Lanham Act, 15 *Id.* 1125(a). The plaintiffs argue that there is a substantial likelihood of success on the merits because the use of the infringing trade dress has and is likely to cause confusion as to the source, sponsorship, affiliation,

---

**2.** Because the plaintiffs have not carried their burden of establishing irreparable injury, the court does not address the remaining three requirements for a preliminary injunction. The denial of this motion for a preliminary injunction for failure to establish irreparable injury is no indication of whether the plaintiffs will ultimately succeed at a trial on the merits on their breach of contract claim.

approval, or endorsement of Medecor's products by KV.

"Trade dress refers to the image and overall appearance of a product." *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 812 (5th Cir.1989). A party is prohibited from "passing off" its product as those of a competitor by employing a substantially similar trade dress which is likely to confuse consumers as to the source of the product. *Id.* Courts follow a two-step analysis in determining if there has been trade dress infringement:

> First, the court must determine whether the trade dress is protected under the Act. This first inquiry encompasses three issues: (1) distinctiveness, (2) secondary meaning, and (3) functionality.
>
> A trade dress is functional and therefore not entitled to protection if it consists of a design or feature superior or optimal in terms of engineering, economy of manufacture, or accommodation of utilitarian function or performance. A design that merely assists in a product or configuration's utility is not functional and may be protected.

*Id.* at 813 (internal quotations and citations omitted). The plaintiffs contend, and Medecor does not disagree, that the packaging is nonfunctional because the combination of features used in KV's package is not necessary to package competing products. The court must then determine whether the trade dress is entitled to protection because it is distinctive or has acquired a secondary meaning. *Id.* If the trade dress is protected, infringement is "shown by demonstrating that the substantial similarity in trade dress is likely to confuse consumers." *Id.*

Assuming *arguendo* that PreCare's packaging is protected, the plaintiffs have not carried their burden of persuasion that the similarity in the packaging of TriCare and PreCare is likely to confuse consumers. The plaintiffs presented the testimo-ny of KV's counsel, Eugene DeFelice, that three field representatives told him that nurses and others who worked in some doctors' offices thought that Tri–Care was aligned with KV's PreCare. Tr. at 20. On cross-examination, DeFelice was unable to identify any of the doctors or nurses who were allegedly confused or the markets in which the confusion took place. Tr. at 111.

The court finds that the testimonial evidence of confusion is inadequate to persuade that there is confusion as to the source of Medecor's products or an affiliation with KV among the doctors who are writing prescriptions and distributing samples of the prenatal vitamins. Accordingly, the plaintiffs have not carried their burden of showing that there is a substantial likelihood of success on the merits of the claim of trade-dress infringement.